## HESS v AVON CONSTRUCTION CO

Ohio Appeals, 1st Dist, Hamilton Co
No 3500. Decided Nov. 4, 1929

Harry Hess, Cincinnati, for Hess.
Bolsinger & Black, Cincinnati, for Construction Co.

ROSS, J.

The plaintiff in error complains that the court in its charge to the jury misstated the issues, first, in that the court stated: "As the case is shaped up, it is immaterial whether Mr. Hess was acting as broker or attorney." In view of the fact that no defense was made on the ground that the plaintiff in error, as a broker, had not complied with the license laws applicable to brokers, we are unable to see where such statement constituted prejudicial error. If the statement is subject to criticism at all, it could only be criticized on the basis that it might be considered a comment on the evidence.

The second error in the charge complained of was a misstatement of claim, in that the court stated that the compensation claimed by the defendant in error to have been included in the contract was

one-fourth of one per cent. In view of the fact that the court elsewhere properly stated the contract, we do not think this of such a character as to constitute prejudicial error.

A third criticism is directed to the language of the charge, where the court states that: "The defense is what we call a confession and avoidance, because the defendant says, in substance, that they had an agreement which was conditional and not absolute and unequivocal with Mr. Hess. They say, we did agree that he could endeavor to get us a loan for a specified amount, $185,000.00 dollars, and if he did that he was to be paid one-fourth of one per cent for his services in so doing."

It is the contention of the plaintiff in error that this misstates the issue, in that the real issue presented was, whether or not the contract alleged by the plaintiff in error had been entered into and performed by the plaintiff in error, and breached by the defendant in error? The defense was a denial of these issues, and an allegation of surplus matter, to-wit; the execution of an entirely separate and distinct contract. As we view this matter, we consider that if any prejudice intervened by reason of the statement complained of, it would be prejudicial to the defendant in error rather than to the plaintiff in error, in that the defense was a denial of the contract which the plaintiff in error alleged, and, under the language of the charge, the court, in stating the defense was a confession and avoidance, implied an admission on the part of the defendant in error of the contract alleged by the plaintiff in error, and an avoidance thereof by affirmative matter extrinsic thereto.

In addition, the court, we think, taking the charge as a whole, fairly presented the issues to the jury, and a reading of the record convinces us that substantial justice was administered by the verdict and judgment.

Finding no error in the record, prejudicial to the plaintiff in error, the judgment of the court of common pleas is affirmed.

Cushing, PJ., and Hamilton, J., concur.